UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL MARTIN,<br><br>     Plaintiff<br><br>v.<br><br>CLARK COUNTY, JOHN MARTIN, and MARCUS MCANALLY,<br><br>     Defendants | Case No.: 2:19-cv-01623-APG-DJA<br><br>**Order (1) Granting Motion to Dismiss in Part and (2) Granting Leave to Amend**<br><br>[ECF No. 14] |

Plaintiff Daniel Martin (Daniel) sues Clark County, John Martin (John), and Marcus McAnally for employment discrimination. Daniel contends that he experienced a hostile work environment, retaliation, and disparate treatment based on race at his former job at the Clark County Department of Juvenile Justice Services, where John was the director and McAnally was Daniel's supervisor.

Daniel claims that John, McAnally, and Clark County have violated 42 U.S.C. § 1981 and 42 U.S.C. § 1983 by discriminating against him. He sues McAnally and John in their personal and official capacities. He sues Clark County under Title VII of the Civil Rights Act of 1964 and Nevada Revised Statutes Chapter 613. McAnally and John move to dismiss, arguing that the allegations in the amended complaint are conclusory and do not suggest their personal participation in a constitutional violation. Daniel responds that he has adequately alleged his claims, but he requests leave to amend if I conclude otherwise. I grant the defendants' motion to dismiss in part, with leave to amend.

/ / / /

/ / / /

## I. FACTUAL BACKGROUND

Daniel contends that McAnally and John subjected him to a hostile work environment and disparate treatment based on his race and color. McAnally allegedly "kick[ed] [Daniel] out of the workplace" when he was discussing a Black History Month program, harassed him about the dress code, spread an untrue rumor about him, and tried to "recruit others to say bad things about him." ECF No. 11 at 4-6. Daniel alleges that McAnally and John treated him disparately by claiming that Daniel violated a non-existent policy related to breaks between shifts. *Id.* at 3. McAnally and John allegedly retaliated against Daniel by participating in firing him after his violation of this non-existent policy. *Id.* Daniel further alleges that he experienced disparate treatment when he was disciplined for violating other non-existent policies related to the dress code and the food line. *Id.* at 3, 5. John allegedly permitted the hostile work environment and more frequently promoted and granted transfers to employees who are not African American. *Id.* at 7. Daniel also alleges that Clark County has a custom and policy of discriminating against him and other African American employees. *Id.* at 12.

Daniel was previously terminated from the same job in August 2015, and he was reinstated in October 2015. *Id.* at 10. Daniel brought a lawsuit against McAnally, John, Clark County, and other defendants in August 2016. *Id.* at 9; *see also Martin v. Clark Cnty.*, 2:16-cv-02027-JCM-VCF. That lawsuit asserted claims of race discrimination and retaliation. *Id.* at 5. In March 2017, the suit was dismissed with prejudice.[1]

Daniel was again terminated from employment in January 2018. *Id.* at 3. In April 2018, he filed a charge with the Equal Employment Opportunity Commission (EEOC). *Id.* at 8. He

---

[1] No. 2:16-cv-02027-JCM-VCF, ECF No. 23. Under Federal Rule of Evidence 201, I take judicial notice of the records in the prior lawsuit. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

then filed this lawsuit against McAnally, John, and Clark County in state court, and the defendants removed the case to federal court in September 2019. ECF No. 1.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A.  Official Capacity Claims Under § 1981 and § 1983

"An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Because Daniel brings the same claims against Clark County, the claims against John and McAnally in their official capacities are redundant. I therefore dismiss the § 1981 and § 1983 claims against John and McAnally in their official capacities.

### B. Personal Capacity Claims Under § 1981 and § 1983

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the U.S. Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To state a claim under

§ 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and must [2] show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To be liable under § 1983, a defendant must have personally participated in the alleged misconduct. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  There is no *respondeat superior* liability under § 1983. *Id.*  Thus, a supervisor cannot be liable merely because a subordinate engaged in illegal behavior.  Rather, "[a] supervisor is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor*, 880 F.2d at 1045).

Individual liability is also permitted under § 1981. *Flores v. City of Westminster*, 873 F.3d 739, 753 n.6 (9th Cir. 2017).  The same personal participation requirement applies to § 1981 claims. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000).

Section 1981 "prohibits [racial] discrimination in the 'benefits, privileges, terms and conditions' of employment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(b)).  "When analyzing § 1981 claims, [courts] apply the same legal principles as those applicable in a Title VII disparate treatment case," although administrative exhaustion is not a requirement. *Id.* (internal quotation marks and citation omitted).  Title VII and § 1981 are not redundant, however.  "Title VII prohibits employment discrimination on account of race, sex, religion, and national origin. . . . Section 1981 . . . is limited to a prohibition of racial discrimination." *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 536 (9th Cir. 1982).  "Title VII and section 1981 are thus overlapping, but independent remedies for racial discrimination in employment." *Id.*

*1. Disparate Treatment*

To state a claim for disparate treatment under § 1981, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). "[A]n adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of . . . employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (quotation omitted). Examples include suspension, written warnings, and termination. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1079 (9th Cir. 2013) (en banc); *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847–48 (9th Cir. 2004).

Daniel's amended complaint adequately alleges disparate treatment under § 1981 as well as the personal participation of both defendants. He alleges he was terminated from his position partly because of a non-existent policy that the defendants applied disparately. According to the amended complaint, McAnally and John "falsely alleged" that Daniel left "his post for 18 minutes when he went to get something to eat" between shifts, which is a common practice that employees who are not African-American "routinely do without being disciplined or fired." ECF No. 11 at 3. Daniel further alleges that eight listed employees who are not African-American "engaged in similar behavior . . . as Plaintiff and were not given any discipline or less severe discipline." *Id.*

The amended complaint describes other incidents of disparate treatment but does not specify whether these incidents are part of the current claims, as opposed to serving as

5

background on the prior lawsuit.[2]  For example, the amended complaint does not specify whether the disparate treatment regarding the dress code happened before or after Daniel's previous lawsuit. *Id.* at 5.  The same applies to the allegation that "[a]t one point" the defendants "threw away the list to avoid promoting Plaintiff and promoted a non-African American instead." *Id.* at 9-10.  However, the alleged disparate treatment related to Daniel's termination is sufficient to state a claim, and I thus deny the defendants' motion to dismiss this claim.

          2. *Hostile Work Environment*

Hostile work environment claims "are cognizable under § 1981." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Manatt v. Bank of Am.*, 339 F.3d 792, 797 (9th Cir. 2003)).  To state a hostile work environment claim, a plaintiff must allege that "(1) [he] was subjected to verbal or physical conduct because of [his] race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Manatt*, 339 F.3d at 798 (quotation omitted).

Like Title VII, § 1981 is not a "general civility code." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment." *Id.* (quotation omitted).  A hostile work environment claim's "very

---

[2] The amended complaint is also confusing because it contains duplicative claims.  The title of the § 1981 claim in count two states "race discrimination and hostile work environment," but the substance of this claim also refers to retaliation. ECF No. 11 at 11.  However, retaliation under § 1981 is also included in the fourth claim. *Id.* at 13.  The second and fourth claims are thus duplicative.  Similarly, the amended complaint pleads retaliation under Title VII in count one and again in count five. *Id.* at 9, 14.

nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).

The amended complaint insufficiently alleges a hostile work environment claim. There are few factual allegations supporting this claim, especially regarding John's personal participation. In general, the amended complaint does not specify dates or timeframes for the events, which creates confusion as to which facts support the current claims. It alleges that the defendants have discriminated against Daniel since "2000 or 2001" and attempts to incorporate the complaint from the prior lawsuit. *Id.* at 4. As a result, it is not clear which factual allegations are part of the present claims and which were resolved by the prior lawsuit.

Moreover, the few incidents alleged are not sufficiently severe or pervasive. As to severity, the amended complaint does not sufficiently allege that the events are based on Daniel's status as an African-American employee. The only incident that appears to be based on race is when McAnally "kick[ed] the Plaintiff out of the workplace when [he] was discussing a program related to Black History Month." ECF No. 11 at 4. This single incident is not sufficiently severe to state a claim by itself. The amended complaint also states that McAnally "would make misrepresentations" about Daniel and "took steps . . . to secure [his] discharge." *Id.* at 6. But these allegations are undeveloped and insufficient to put McAnally on notice as to what he did wrong. As to pervasiveness of the alleged conduct, the amended complaint does not identify when incidents occurred, so it is unclear whether these were isolated incidents spread out over many years. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 643 (9th Cir. 2003) (finding no hostile work environment where two race-based comments "were made more than six months apart"). Therefore, I grant the defendants' motion to dismiss this claim without prejudice.

////

### *3. Retaliation*

Section 1981 "encompasses retaliation claims." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 446 (2008). To state a claim for retaliation under § 1981, a plaintiff must show "(1) [he] engaged in a protected activity; (2) [he] suffered an adverse employment action; and (3) there was a causal connection between the two." *Surrell*, 518 F.3d at 1108. "Making an informal complaint to a supervisor" about discrimination is considered a protected activity. *Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) (citation omitted). An adverse employment action means "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Id.* at 1242–43 (quotation omitted). "[R]efusal to consider for promotion" can also constitute an adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Causation may be established by alleging "weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013); *Cf. Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000) ("Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive.").

The defendants argue that Daniel cannot state a retaliation claim if it is based on his 2015 termination because he raised that claim in the prior lawsuit. ECF No. 14 at 9. They further argue that the amended complaint fails to show personal participation by the defendants as well as the element of causation. *Id.* at 9, 12. Daniel's response suggests that the retaliation is based on the prior EEOC charge and lawsuit, and his subsequent termination in January 2018. ECF No. 19 at 16.

The amended complaint sufficiently alleges that John and McAnally personally participated in retaliating against Daniel. According to the amended complaint, Daniel engaged in protected activities through his "participation in the prior EEOC process and/or his opposition to unlawful discrimination and retaliation that was the subject of" the prior lawsuit. *Id.* at 5. As to adverse employment actions, the amended complaint alleges that Daniel was terminated on January 31, 2018. *Id.* at 6. Daniel alleges McAnally and John both participated in his firing by falsely alleging that he violated a non-existent workplace policy. Finally, as to causation, Daniel alleges the defendants knew of his protected activity because they were defendants in the prior lawsuit, they had a reason to retaliate against him based on that lawsuit, and their proffered reason for the firing is pretext for retaliation because he was fired for violating a non-existent policy and others were not fired for the same conduct. *Id.* at 8; *see also Martin v. Clark Cnty.*, 2:16-cv-02027-JCM-VCF. The amended complaint thus states a § 1981 retaliation claim against both defendants, and I deny their motion to dismiss this claim.

### 4. Section 1983 Personal Capacity Claims

The § 1983 claim is based on the defendants' alleged violation of § 1981. ECF No. 11 at 12. Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). To be liable under § 1983, a defendant must have personally participated in the alleged misconduct. *Taylor*, 880 F.2d at 1045. I have dismissed Daniel's § 1981 hostile work environment claim, but I denied the defendants' motion to dismiss the disparate treatment and retaliation claims under § 1981. The § 1981 disparate treatment and retaliation claims against the defendants in their personal capacities may thus serve as predicate violations of Daniel's federal statutory rights.

The defendants' reply argues that the § 1983 claim duplicates the § 1981 claim. ECF No. 23 at 5. However, pleading in the alternative is permissible under Federal Rule of Civil Procedure 8(d). I deny the defendants' motion to dismiss the § 1983 claim against the defendants in their personal capacities.

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). Daniel may be able to correct the deficiencies in the amended complaint. I therefore grant him leave to file a second amended complaint.

## III.  CONCLUSION

I THEREFORE ORDER that defendants Marcus McAnally and John Martin's motion to dismiss **(ECF No. 14) is GRANTED in part**. I dismiss with prejudice the § 1981 and § 1983 claims against these defendants in their official capacities. I dismiss without prejudice the § 1981 claims against them individually for hostile work environment. The motion is denied as to the § 1983 claim against them individually and the § 1981 claim against them individually for disparate treatment and retaliation.

I FURTHER ORDER that plaintiff Daniel Martin may file a second amended complaint by **October 12, 2020**.

DATED this 14th day of September, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE