UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL MARTIN,<br><br>  Plaintiff<br><br>v.<br><br>CLARK COUNTY, JOHN MARTIN, and MARCUS MCANALLY,<br><br>  Defendants.<br>CLARK COUNTY,<br><br>  Counterclaimant,<br><br>v.<br><br>DANIEL MARTIN,<br><br>  Counterdefendant. | Case No.: 2:19-cv-01623-APG-DJA<br><br>**Order Granting Counterclaimant's Motion for Summary Judgment**<br><br>[ECF No. 56] |

Plaintiff Daniel Martin (Daniel) worked as a Juvenile Justice Probation Officer at defendant Clark County's Department of Juvenile Justice Services (DJJS) where defendant John Martin (John) was the Director and defendant Marcus McAnally was a supervisor. Daniel was terminated from his job in August 2015 and reinstated in October 2015. In August 2016, Daniel brought a lawsuit against the defendants and additional parties. The parties settled that lawsuit and agreed to dismiss those claims in February 2017. Daniel was again terminated from his job at DJJS in January 2018.

Daniel then filed this suit against the defendants claiming race discrimination, retaliation, and violations of his civil rights. Clark County asserted two counterclaims against Daniel, alleging he breached the February 2017 settlement agreement and seeking indemnification under that agreement. Clark County now moves for summary judgment on its breach of contract claim.

Daniel does not dispute that Clark County satisfies the elements of a breach of contract claim, but argues he is excused from performance because Clark County breached the agreement first by continuing to discriminate, harass, and retaliate against him.  He also argues the agreement is void as against public policy, illegal, and unenforceable as a means for Clark County to insulate itself from statutory claims.  Finally, he argues the counterclaim itself is retaliatory.

     I agree with both parties that Daniel breached the settlement agreement.  Daniel has not raised a genuine dispute on whether he is excused from performance, the agreement is void, or the counterclaim is retaliatory.  I therefore grant Clark County's motion for summary judgment.

**I. FACTUAL BACKGROUND**

     Daniel sued the defendants and additional parties in August 2016 (the Prior Lawsuit).  ECF No. 41 at 50-64.  The Prior Lawsuit asserted claims of race discrimination and retaliation.  *Id.* at 57-63.  The parties settled that lawsuit in February 2017 (the Settlement Agreement). *Id.* at 66-74.  The Settlement Agreement provided that the defendants in the Prior Lawsuit would pay Daniel $15,000 in exchange for him releasing them "from any and all past, present or future claims . . . [and] causes of action . . . which [Daniel] now has or may hereafter accrue or otherwise be acquired, including but not limited to any liability whatsoever in any way growing out of the incidents and allegations, which are the subject of [the Prior Lawsuit] and all prior [c]harges of [d]iscrimination." *Id.* at 67.  The parties also agreed that the Settlement Agreement was in "full accord, satisfaction, and discharge of all claims for damages . . . that have been or could be incurred arising out of or in connection with" the Prior Lawsuit. *Id.* at 68.  The Settlement Agreement stated it was not to be construed as an admission of liability by any party. *Id.* at 68.  Clark County paid Daniel the $15,000 called for in the agreement. *Id.* at 114.

The seconded amended complaint (SAC) in Daniel's current lawsuit incorporates the Prior Lawsuit's complaint. ECF No. 37 at ¶¶ 9, 19.  The SAC includes factual allegations that pre-date the Settlement Agreement and alleges many of the same claims as the Prior Lawsuit, including:

- The claim that Daniel was discriminated against and harassed by managers and supervisors as early as 2000 or 2001. *Id.* at ¶ 9.

- The allegation that McAnally spread a rumor that Daniel permitted a child to beat up an officer. *Id.*; ECF No. 39 at 66, 144:11-19.

- The allegation that McAnally targeted Daniel for discipline with respect to the dress code while white employees were not held to the same dress code standards. ECF No. 37 at ¶ 9; ECF No. 39 at 65, 138:24-140:1.

- The allegation that McAnally recruited others to "say bad things" about Daniel to get him into trouble. ECF No. 37 at ¶ 11; ECF No. 39 at 36-37, 24:23-25:5; 151:17-152:17.

- The allegation that John "set [Daniel] up" by placing him under McAnally's supervision. ECF No. 37 at ¶ 12; ECF No. 39 at 36-37, 24:23-25:5.

- Daniel's claim that he was repeatedly denied promotions and transfers that he was well-qualified for, while non-African-American co-workers received these promotions and transfers. ECF No. 37 at ¶ 24; ECF No. 41 at 58, ¶ 27.

- Daniel's § 1981 retaliation claim, which alleges his August 2015 termination was due to discrimination based on race and retaliation for having opposed and complained about discriminatory treatment. ECF No. 37 at ¶¶ 61-69; ECF No. 41 at 61-62, ¶¶ 44-52.

Daniel filed his current lawsuit in September 2019 and filed the SAC in October 2020. ECF Nos. 1, 37. Clark County counterclaims against Daniel for breach of contract, based on his filing the current lawsuit. ECF at 47.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). A party moving for summary judgment is not obligated to negate the non-moving party's affirmative defenses, but an affirmative defense will negate summary judgment where each element of the affirmative defense is supported by summary judgment evidence. *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008), *aff'd* 637 F.3d 939 (9th Cir. 2011). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

/ / / /

### A. Breach of Contract

Clark County argues the Settlement Agreement is valid, the parties accepted the agreement as reflected by their signatures, and the $15,000 it paid in exchange for Daniel's release of claims and covenant not to sue constitutes sufficient consideration. It argues Daniel breached the Settlement Agreement because Daniel agreed not to sue Clark County over the same incidents and allegations that were the subject of the Prior Lawsuit, yet the current lawsuit is based on some of the same factual allegations as his Prior Lawsuit and the SAC incorporates the prior complaint.[1] Clark County argues Daniel's breach is not excused by the fact that his current lawsuit mixes allegations from the Prior Lawsuit with factual allegations post-dating the Agreement, as basing his suit even in part on allegations encompassed in the Agreement is a breach. It also argues Daniel's breach is not excused by invoking the prior instances as background facts, as the Agreement explicitly released liability in any way growing out of the incidents that were the subject of the Prior Lawsuit. Clark County finally argues that the $15,000 it paid Daniel constitutes its damages. In response, Daniel does not dispute that he breached the contract.

In Nevada, a plaintiff must show four elements to succeed on a breach of contract claim: (1) formation of a valid contract; (2) performance, or excuse of performance, by the plaintiff; (3) material breach by the defendant; and (4) damages. *See Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). Generally, a contract is valid and enforceable if there has been "an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). Settlement agreements like the one at issue here are contracts and are

---

[1] Similarly, it argues Daniel breached the Agreement by including factual allegations that predate the Agreement, as he agreed to release Clark County from claims that could be asserted at the time of his Prior Lawsuit.

5

governed by principles of contract law. *See In re Amerco Derivative Litig.*, 252 P.3d 681, 693 (Nev. 2011).

Neither party disputes that the Settlement Agreement is a valid contract. Clark County performed under the Agreement by paying Daniel $15,000. Daniel does not dispute breaching the Agreement by suing Clark County and its employees over the same incidents and allegations that were the subject of the Prior Lawsuit. Clark County suffered $15,000 in damages because it did not receive the benefit of its bargain after Daniel breached the Agreement. Daniel does not dispute this measure of damages, only that Clark County is entitled to any damages. As I explain below however, his breach is not excused. There is no genuine dispute of material fact on any of the elements of Clark County's breach of contract claim, and Daniel breached the Settlement Agreement.

### B. Affirmative Defenses

*1. Covenant of Good Faith and Fair Dealing*

Daniel argues his breach is excused because Clark County breached the Agreement first. He argues Clark County's alleged discrimination, harassment, and retaliation following the parties' settlement breached the Agreement's implied covenant of good faith and fair dealing because that covenant provided Daniel with the reasonable expectation that Clark County would not continue to violate the law. Daniel argues Clark County's breach allows him to use now time-barred acts of discrimination, harassment, and retaliation to support his hostile work environment claims.

Clark County replies that Daniel's argument is not consistent with or derived from the Agreement's language. It contends the Agreement contains no language restricting future interactions between the parties, and any such restriction would need to be written in the

Agreement. Clark County also argues that the Agreement's disclaimer language means the spirit and intent of the Agreement contradicts Daniel's argument that the Agreement entitled him to assume Clark County's future conduct would be altered. Clark County argues that the Agreement was strictly transactional, because while Clark County was authorized to make a financial settlement on its employees' behalf, the Agreement could not dictate the employees' future personal conduct without their signatures as well. Clark County further argues that Daniel's affirmative defense fails because the only specific factual allegation of continued harassment by McAnally is a single incident on August 17, 2017 when McAnally ordered Daniel to read off a list of children with special diets while at the front of the serving line in the dining hall, and that involved a routine work-related instruction given to other employees as well.

      A party's material breach of its promise to perform under a contract discharges the non-breaching party's duty to perform. *Cain v. Price*, 415 P.3d 25, 29 (Nev. 2018). In Nevada, "an implied covenant of good faith and fair dealing exists in *all* contracts." *A.C. Shaw Const., Inc. v. Washoe Cnty.*, 784 P.2d 9, 10 (Nev. 1989) (emphasis in original). "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922-23 (Nev. 1991). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Id.* at 923. "Whether the controlling party's actions fall outside the reasonable expectations of the dependent party is determined by the various factors and special circumstances that shape these expectations." *Id.* at 923-24. Whether a party acted in good faith is a question of fact. *A.C.*

*Shaw*, 784 P.2d at 11.  A breach of the covenant is "limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *See Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016) (interpreting Nevada law on contractual breach of implied covenants).

Daniel has not presented a genuine issue on whether Clark County was unfaithful to the Settlement Agreement's purpose or deliberately contravened its intention and spirit.  The Settlement Agreement does not address Clark County or any defendants' future actions.  The only consideration or expectation Daniel is entitled to as a result of the Settlement Agreement is $15,000, which Clark County paid.  Clark County did not otherwise deny Daniel the benefit of their bargain.  While Clark County's good faith is ordinarily a question of fact, Daniel has not presented a genuine issue of material fact on whether Clark County violated the covenant of good faith and fair dealing.

    *2. Public Policy*

Daniel argues the Agreement is void as against public policy, illegal, and unenforceable to the extent Clark County is attempting to insulate itself from future statutory violations.  Daniel argues public policy requires Clark County's claim to fail because otherwise he would be barred from pointing to prior alleged abuse as the foundation for his post-release hostile work environment claims.  He argues that Clark County's theory allows it to retaliate with impunity, because he would be prevented from pointing to his prior EEOC charge and the Prior Lawsuit as protected activities, and because he would be barred from pointing to the pre-settlement employment history for context and background to the causal link between his protected activity and retaliation.


Clark County replies that the Settlement Agreement does not preclude Daniel from bringing claims based on incidents that arose after the Agreement. Rather, its counterclaim is based solely on Daniel's bringing claims pre-dating the Settlement Agreement. Clark County notes that Daniel cites no authority stating he may use the circumstances and prior claims as background facts in the current litigation despite the Agreement. It argues that the public policy in support of settling claims through binding agreements outweighs any public policy in favor of allowing Daniel to use such background facts.

Public policy encourages settlement agreements. *See Grisham v. Grisham*, 289 P.3d 230, 233 (Nev. 2012); *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 215 (1994). Evidence of misconduct predating a settlement agreement that releases parties from liability relating to the alleged misconduct may be excluded as background or context evidence for post-settlement claims. *Woods v. Washington*, No. 11–35119, 2012 WL 1111470, at *1 (9th Cir. Apr. 4, 2012).

Though Daniel frames his argument as alleging the Settlement Agreement is void as against public policy, illegal, and unenforceable, he does not suggest I should declare the Settlement Agreement a nullity. Instead, it appears Daniel argues the public policy behind Title VII would be thwarted if the Settlement Agreement prevented him from utilizing the same facts that underlaid those settled through the Agreement as background facts for his current hostile work environment and retaliation claims.

Daniel cites no authority finding a public policy in favor of him using facts related to settled claims as background facts for his current claims. To the contrary, the Ninth Circuit held in *Woods v. Washington* that the district court did not abuse its discretion when it excluded evidence of the defendant's misconduct that predated a previous settlement agreement from being used as context for the plaintiff's discrimination and retaliation claims. *Woods*, 2012 WL

1111470, at *1.  In that case, the agreement released all claims relating to events from the plaintiff's pre-settlement employment, so he was barred from relying on those events as background evidence to establish his post-settlement claims. *Id.*  So too here, Daniel released Clark County from all claims growing out of the incidents and allegations which underlaid his Prior Lawsuit.  Daniel may not rely on these incidents and allegations as "foundation" for the post-release alleged violations underlying his current claims.[2]

Daniel cites *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) for the proposition that hostile work environment claims require examination of an employee's work history, not of a discrete act.  *Morgan* holds that employees are not barred from using prior discrete acts which themselves are time-barred as background evidence in support of a timely claim. *Morgan*, 536 U.S. at 113.  But *Morgan* does not speak to the issue at hand here: whether Daniel may use prior acts that underlie his released claims as background evidence in support of his current hostile work environment and retaliation claims.  Daniel has not raised a genuine issue of material fact on this issue.

        3.  *Retaliatory Counterclaim*

Daniel finally argues Clark County's counterclaim in response to his asserting statutory workplace rights is itself retaliatory under Title VII and Nevada Revised Statutes § 613.340.  Clark County replies that its counterclaim is not retaliatory as it has an arguable basis in law and fact. It is also not "sham litigation."  Clark County notes Daniel admitted to the factual bases underlying each element of the counterclaim and its counterclaim is supported by precedent.

---

[2] Daniel claims the Settlement Agreement prevents him from arguing his Prior Lawsuit is a protected activity for purposes of his current claims.  While the Agreement releases Clark County from all claims growing out of the incidents and allegations that underlaid his Prior Lawsuit, it does not speak to Daniel's ability to argue his filing the Prior Lawsuit itself was a protected activity.

Counterclaims filed by former employers may constitute actionable retaliatory conduct "when they have no basis in law and fact and were filed with retaliatory motive." *Robillard v. Opal Labs, Inc.*, 428 F. Supp. 3d 412, 453 (D. Or. 2019) (citing *Grimsley v. Charles River Labs., Inc.*, 467 F. App'x 736, 738 (9th Cir. 2012). However, Daniel admitted to breaching the Settlement Agreement, and Clark County has sufficient legal bases to claim he did so. Daniel has not raised a genuine issue that Clark County's counterclaim is retaliatory.

### III.  CONCLUSION

I will grant Clark County's motion for summary judgment on its counterclaim for breach of contract. The motion does not request damages nor specify what consequences flow from Clark County prevailing on its counterclaim. Therefore, at this time I find in Clark County's favor on liability only.

I THEREFORE ORDER that the counterclaimant's motion for summary judgment **(ECF No. 56) is GRANTED**. Daniel Martin is liable to Clark County on the county's breach of contract counterclaim.

DATED this 22nd day of December, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE