UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL MARTIN, | Case No.: 2:19-cv-01623-APG-DJA |
| Plaintiff | **Order** |
| v. | [ECF Nos. 79, 80] |
| CLARK COUNTY, | |
| Defendant | |

I previously granted defendant Clark County's motion for summary judgment on its counterclaim that plaintiff Daniel Martin breached a settlement agreement between the parties. ECF No. 63. The parties now move for summary judgment on the issue of what damages, if any, Clark County suffered because of the breach. ECF Nos. 79, 80.

Clark County asserts that it is entitled to $15,000 as restitution for the amount it paid to Martin to settle the prior case, or at least nominal damages. Martin responds that Clark County cannot show it suffered actual damages and it cannot now seek restitution because it sought no equitable relief in its counterclaim. He contends that if he had known the County was seeking an equitable remedy, he would have raised equitable defenses, such as unclean hands and estoppel. He also asserts that his breach was minor, and Clark County received the benefit of its bargain because he dismissed his prior lawsuit, so it should not be awarded $15,000. Martin contends that by asking for return of the $15,000, Clark County is writing a liquidated damages provision into the agreement that the parties did not agree to.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. Reconsideration

To the extent that Martin seeks reconsideration of my ruling that he breached the settlement agreement, I deny that request because I find no reason to reconsider that decision. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### B. Damages

Under Nevada law, compensatory damages may be awarded in a breach of contract action "to make the aggrieved party whole and, where contracts are involved, these damages should place the plaintiff in the position he would have been in had the contract not been breached." *Hornwood v. Smith's Food King No. 1*, 807 P.2d 208, 211 (Nev. 1991). The party seeking damages must "present an evidentiary basis for determining a reasonably accurate amount of damages." *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 248 (Nev.

2008) (en banc) (quotation omitted).  If a party in a breach of contract action cannot show actual damages, then it may recover only nominal damages. *Gramanz v. T-Shirts & Souvenirs, Inc.*, 894 P.2d 342, 343, 347 (Nev. 1995) (holding that because there was insufficient evidence to determine a reasonably accurate damage award, the plaintiff was "entitled only to nominal damages").

Clark County has presented no evidence of actual damages resulting from Martin's breach.  Instead, Clark County seeks restitution in the amount of the $15,000 it paid to settle the prior lawsuit.  The Supreme Court of Nevada looks to the Restatement of Contracts for guidance on awarding restitution for breach of a contract. *See Mullinix v. Morse*, 406 P.2d 298, 300 (Nev. 1965).  Under the Restatement (First) of Contracts § 347, "[f]or the total breach of a contract, the injured party can get judgment for the reasonable value of a performance rendered by him, measured as of the time it was rendered, less the amount of benefits received as part performance of the contract and retained by him, . . . if the performance so rendered was . . . a part or all of a performance for which the defendant bargained . . . ." *See also* Restatement (Second) of Contracts § 384 cmt. a ("A party who seeks restitution of a benefit that he has conferred on the other party is expected to return what he has received from the other party.  The objective is to return the parties, as nearly as is practicable, to the situation in which they found themselves before they made the contract.").

Even viewing the evidence in the light most favorable to Clark County on Martin's motion for summary judgment, restitution in the amount of $15,000 is not justified.  Clark County received a substantial part of what it bargained for, despite Martin's breach.  Martin agreed to dismiss his prior lawsuit with prejudice, and that dismissal stands.  Clark County has not presented evidence raising a genuine dispute that returning the entire amount of the

settlement agreement's consideration is warranted. Nor has it offered an evidentiary basis for determining a reasonably accurate valuation of the part of Martin's performance it has retained.[1] Clark County thus is entitled to only nominal damages for Martin's breach. I therefore grant in part and deny in part both parties' motions for summary judgment and instruct the clerk of enter judgment in favor of Clark County and against Martin on Clark County's counterclaim in the amount of $1.00.

      I THEREFORE ORDER that defendant/counterclaimant Clark County's motion for summary judgment **(ECF No. 79) is GRANTED in part**.

      I FURTHER ORDER that plaintiff/counterdefendant Daniel Martin's motion for summary judgment **(ECF No. 80) is GRANTED in part**.

      I FURTHER ORDER the clerk of court to enter final judgment in favor of defendant/counterclaimant Clark County and against plaintiff/counterdefendant Daniel Martin in the amount of $1.00 and to close this case.

      DATED this 15th day of November, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Because Clark County bears the burden of proving its damages, Martin met his burden on summary judgment by pointing out that Clark County lacks evidence of damages. *See Olivier v. Baca*, 913 F.3d 852, 857 (9th Cir. 2019).